UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS WOLFF,

    Plaintiff,

v.                                         Case No:  8:13-cv-2488-T-27AEP

CAROLYN COLVIN,
Acting Commissioner of Social
Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon Defendant's Opposed Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon which Relief Can be Granted (Dkt. No. 8) and Plaintiff's response in opposition thereto (Dkt. Nos. 12, 13). For the reasons that follow, I recommend that Defendant's motion to dismiss be granted.

**I. BACKGROUND**

On February 1, 2001, the Social Security Administration ("SSA") issued a Complaint and Statement of Charges against Plaintiff Thomas Wolff, who was acting as a non-attorney representative for social security claimants. (Dkt. No. 8, Ex. 1.) The complaint charged Plaintiff with violating the Social Security Act and the rules governing representative conduct. (Dkt. No. 8, Ex. 1.) Plaintiff filed an answer to the complaint, but did not sign it under oath or affirmation. (Dkt. No. 8, Ex. 3 at 1.) Plaintiff was provided a ten-day extension to correct the deficiency ending March 14, 2001, but Plaintiff did not file his amended answer until March 20, 2001. (Dkt. No. 8, Ex. 3 at 1.) Nevertheless, it appears that Plaintiff's untimely amended

answer was accepted.  (Dkt. No. 8, Ex. 2 at 1-2.)  The SSA then filed an amended complaint on September 24, 2001, adding four charges, but Plaintiff did not timely file an answer to the amended complaint either.  (Dkt. No. 8, Ex. 2 at 2.)  Accordingly, Plaintiff was informed that pursuant to 20 C.F.R. §§ 404.1765(g)(2), 404.1785(c), 416.1565(g)(2), 416.1585(c), he would be barred from presenting testimonial or documentary evidence on those four counts.  (Dkt. No. 8, Ex. 2 at 3.)

Thereafter, on July 9, 2002, a two-day hearing was conducted on the amended complaint in front of an Administrative Law Judge ("ALJ").  (Dkt. No. 8, Ex. 2 at 3.)  Plaintiff was initially represented by counsel at the hearing, but Plaintiff discharged his counsel on the second day and proceeded pro se for the remainder of the hearing.  (Dkt. No. 8, Ex. 2 at 3.)  Plaintiff testified on his own behalf and elicited the testimony of one witness; however, the ALJ did not allow Plaintiff to call other witnesses on his behalf because Plaintiff never filed a witness list in accordance with the procedures established in a prehearing order provided to Plaintiff.  (Dkt. No. 1 at 3; Dkt. No. 8, Ex. 3 at 4-5.)  Following the conclusion of the hearing, on February 18, 2003, the ALJ issued a decision disqualifying Plaintiff from representing social security claimants.  (Dkt. No. 8, Ex. 2.)

Plaintiff appealed the decision to the Appeals Council, and the Appeals Council heard oral arguments on September 17, 2004.  (Dkt. No. 8, Ex. 3 at 3.)  On October 13, 2005, the Appeals Council issued a decision affirming the ALJ's decision.  (Dkt. No. 8, Ex. 3.)  Between February 2009 and September 2009, Plaintiff filed multiple requests to the Appeals Council seeking reinstatement of his representative status.  (Dkt. No. 8, Ex. 4 at 1.)  On May 11, 2011, the Appeals Council denied Plaintiff's request for reinstatement.  (Dkt. No. 8, Ex. 4 at 11.)  Plaintiff requested reinstatement from the Appeals Council again on March 9, 2012,

and June 19, 2012, which the Appeals Council again denied on July 31, 2013. (Dkt. No. 8, Ex. 5.)

Accordingly, on September 26, 2013, Plaintiff initiated this action against the Secretary of the Department of Health seeking review of the decision of the SSA disqualifying Plaintiff from serving as a non-attorney representative for social security claimants. (Dkt. No. 1.) On April 15, 2014, the Secretary of the Department of Health filed a motion to substitute Carolyn W. Colvin, the Acting Commissioner of Social Security, as Defendant, and the Court granted the motion. (Dkt. Nos. 5, 7.) Defendant now seeks dismissal of Plaintiff's action, arguing, primarily, that this Court lacks subject matter jurisdiction over Plaintiff's claims. (Dkt. No. 8.) Plaintiff filed a response in opposition. (Dkt. Nos. 12, 13.)

## II. DISCUSSION

Defendant contends that this Court lacks subject matter jurisdiction over Plaintiff's claims because the Social Security Act does not provide for judicial review of a decision of the Commissioner disqualifying or suspending a representative. (Dkt. No. 8 at 8-15.) Plaintiff's response does not address Defendant's challenge to this Court's subject matter jurisdiction and rather reiterates his disagreement with the merits of the SSA's decision. (Dkt. Nos. 12, 13.)

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal of a plaintiff's claims on the basis that the court lacks subject matter jurisdiction over the claims. In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a court must first determine whether the court's jurisdiction is being attacked facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003).

Here, Defendant asserts a facial attack to this Court's subject matter jurisdiction. (Dkt. No. 8 at 9.) When the attack to a court's jurisdiction is facial, the court must accept the allegations of the plaintiff's complaint as true and must determine whether the complaint states sufficient facts to establish a basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion."[1] *Id.*

In his complaint, Plaintiff urges this Court to conduct review of the decision of the SSA but does not allege a valid basis for this Court's jurisdiction. (Dkt. No. 1.) Nevertheless, judicial review of the actions of the SSA is governed by 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain [judicial] review of such a decision." Section 405(h) further provides that no decision of the Commissioner shall be reviewed "except as . . . provided" under section 405. 42 U.S.C. § 405(h). Several courts have found that section 405(g) does not confer jurisdiction to review the merits of a decision of the SSA disqualifying or suspending a representative. *See, e.g.*, *Stanley v. Astrue*, 298 Fed. App'x 537, 540-41 (8th Cir. 2008) (per curiam) (concluding that section 405(g) did not provide for judicial review of a decision suspending an attorney from representing claimants before the SSA); *Ezell v. Bowen*, 849 F. 2d 844, 846 (4th Cir. 1988) (stating that the social security regulations do not provide for judicial review of a decision disqualifying a representative); *Freeman v. Colvin*, No. 1:13-cv-01039, 2014 WL 47194, at *3 (W.D. Ark. Jan. 7, 2014) (concluding that a district court's jurisdiction over decisions of the SSA "does not extend to

---

[1] Under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations of the complaint in the light most favorable to the non-moving party and accept as true all of the factual allegations asserted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

decisions involving disqualification of a representative before the SSA"); *Reeves v. Shalala*, No. C 96-01377 CW, 1998 WL 289312, at *6 (N.D. Cal. Apr. 16, 1998) (finding that the SSA's decision to suspend an attorney from representing social security claimants was not subject to judicial review); *Jones v. Sullivan*, 793 F. Supp. 5, 5 (D.C. 1992) (finding that the court lacked jurisdiction to review a decision of the SSA suspending an attorney from representing social security claimants). Moreover, the SSA regulations specifically identify several administrative actions that are not subject to judicial review, including, *inter alia*, decisions "[r]efusing to recognize, disqualifying, or suspending a person from acting as [a] representative." 20 C.F.R. §§ 404.903, 416.1403. Accordingly, I find that section 405(g) does not confer subject matter jurisdiction upon this Court to review the merits of the decision of the Commissioner disqualifying Plaintiff from serving as a non-attorney representative before the SSA.

Although section 405(g) does not provide for review of the merits of the SSA's decision, a basis for review might still exist if Plaintiff has raised a colorable constitutional claim. *See, e.g.*, *Holland v. Heckler*, 764 F.2d 1560, 1562 (11th Cir. 1985) (stating that subject matter jurisdiction exists over an administrative decision "when a colorable constitutional claim is raised because '[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures.'" (quoting *Califano v. Sanders*, 430 U.S. 99, 109 (1977))); *Ezell*, 849 F.2d at 846; *Jones*, 793 F. Supp. at 5. "[A] 'substantial' constitutional claim is required for invocation of federal subject matter jurisdiction." *Ezell*, 849 F.2d at 846 (quoting *Hagans v. Lavine*, 415 U.S. 528, 537 (1974)). Meaning Plaintiff must raise "more than a bare allegation of unconstitutional action." *Id.*

Throughout his complaint, Plaintiff generally alleges that he was denied "due process," which appears to be based on the ALJ's decision precluding Plaintiff from presenting witnesses at the administrative hearing and the Appeals Council's decision precluding Plaintiff from presenting additional evidence on appeal that was not presented before the ALJ. (Dkt. No. 1 at 3-4, 8, 10-11, 15.)  Nevertheless, Plaintiff's vague, unfocused contentions fail to raise a "substantial" constitutional claim.

Procedural due process requires "only an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Cherry v. Heckler*, 760 F.2d 1186, 1190 (quoting *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)).  However, the specific procedural safeguards appropriate to confer such an opportunity differ on a case-by-case basis. *See, e.g.*, *Matthews*, 424 U.S. at 333; *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970).  Here, the Social Security Act requires the SSA to provide "due notice and an opportunity for hearing" prior to disqualification or suspension of a representative.  42 U.S.C. § 406(a)(1).  Further, the regulations detail the procedural safeguards accorded to a representative when such proceedings have been initiated. *See* 20 C.F.R. §§ 404.1750, 416.1550.  After notice has been provided to a representative containing a statement of the charges against the representative, the representative has thirty days to file an answer. *Id.* §§ 404.1750(a)-(e), 416.1550(a)-(e). If the representative fails to answer, "he or she does not have the right to present evidence." *Id.* §§ 404.1750(f), 416.1550(f); *see also id.* §§ 404.1765(g)(2), 416.1565(g)(2) ("If the representative did not file an answer to the charges, he or she has no right to present evidence at the hearing.").  Thereafter, a hearing is held at which a "hearing officer shall inquire fully into the matters being considered, hear the testimony of witnesses, and accept any documents that are material." *Id.* §§ 404.1765(g)(1), 416.1565(g)(1).  Notwithstanding this obligation,

"[t]he hearing officer has the right to decide the conduct of the hearing." *Id.* §§ 404.1765(g)(4), 416.1565(g)(4). After the hearing officer issues a decision, the representative may seek review of the decision from the Appeals Council. *Id.* §§ 404.1775(a), 416.1575(a). However, the Appeals Council generally "will not consider evidence in addition to that introduced at the hearing" unless the Appeals Council "believes that the evidence offered is material to an issue it is considering." *Id.* §§ 404.1785(a), 416.1585(a).

Here, Plaintiff had the opportunity to present witnesses at the hearing provided he complied with the requirements of a prehearing order prescribing that Plaintiff provide a witness list prior to the hearing. Plaintiff does not allege that he was not provided such an opportunity subject to the requirements of the prehearing order, rather Plaintiff asserts that the ALJ's preclusion of witness testimony despite Plaintiff's noncompliance with the prehearing order amounted to a denial of due process. Nevertheless, the conduct of the hearing was within the discretion of the ALJ. *Id.* §§ 404.1765(g)(4), 416.1565(g)(4). Plaintiff failed to comply with the requirements of the prehearing order, and, as a result, the ALJ precluded Plaintiff from presenting his witnesses at the hearing. Plaintiff was given an opportunity to present the witnesses he desired, but he did not avail himself of that opportunity. Under the facts as alleged by Plaintiff, no violation of due process is found here. Furthermore, Plaintiff failed to answer the amended complaint and statement of charges issued by the SSA; accordingly, he lost his right to present evidence as to the four additional counts of the amended complaint. *Id.* §§ 404.1750(f), 404.1765(g)(2), 416.1550(f), 416.1565(g)(2). Thus, in this regard, Plaintiff was not deprived of due process by the ALJ's decision prohibiting Plaintiff from presenting witness testimony at the hearing.[2] Finally, Plaintiff complains that

---

[2] Plaintiff's failure to comply with the prehearing orders would be treated no differently in this Court, and such preclusion of evidence would be permitted for failure to

the Appeals Council should have accepted the evidence precluded by the ALJ. (Dkt. No. 1 at 3-4, 11.) However, the preclusion of that evidence was within the discretion of the ALJ, and the Appeals Council was not required to consider evidence not presented to the ALJ. *Id.* §§ 404.1785(a), 416.1585(a). As such, Plaintiff has failed to allege sufficient facts to establish that the Appeals Council deprived Plaintiff of due process by declining to consider the evidence rejected by the ALJ.

Accordingly, because Plaintiff failed to allege sufficient facts establishing that he was denied due process as provided under the regulations, the facts as alleged in the complaint fail to state a colorable constitutional claim. Therefore, I recommend that Plaintiff's complaint be dismissed.

### III. CONCLUSION

Accordingly, for the reasons stated herein, it is hereby

RECOMMENDED:

1. Defendant's Opposed Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon which Relief Can be Granted (Dkt. No. 8) be GRANTED;

2. Plaintiff's Complaint be dismissed; and

3. The Clerk be directed to close the case.

---

abide by pretrial orders and the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A)(ii) ("If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or *from introducing designated matters in evidence*." (emphasis added)); Fed. R. Civ. P. 16(f)(1)(C) ("[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order.").

IT IS SO REPORTED in Tampa, Florida, this 3rd day of July, 2014.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); M.D. Fla. R. 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (en banc).

cc: The Honorable James D. Whittemore
Plaintiff, pro se
Counsel of Record