UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THOMAS WOLFF,**

    **Plaintiff,**

v.                                                                   Case No: 8:13-cv-2488-T-27AEP

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 14) recommending that this Court grant Defendant's Opposed Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon which Relief Can Be Granted (Dkt. 8). The Magistrate Judge concluded that 42 U.S.C. § 405(h) does not confer subject matter jurisdiction to review the merits of a decision by the SSA to disqualify or suspend a representative such as Plaintiff, and that Plaintiff's complaint failed to raise a colorable constitutional claim which might otherwise be reviewable. This Court agrees.

A district court may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of specific objections, there is no requirement that factual findings be reviewed *de novo*, and the court may accept, reject or modify, in whole or in part, the findings and recommendations. § 636(b)(1)(C); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy*

1

*v. McNeil*, 397 Fed. Appx. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

In response to the Report and Recommendation, Plaintiff filed objections (Dkts. 15 & 16).[1] The essence of his objections is that the hearing conducted by the Administrative Law Judge was not in accord with procedural due process. Yet, as the Magistrate Judge found, Plaintiff was afforded an opportunity to participate in the hearing but was restricted in his presentation because he failed to comply with a prehearing order. As the Magistrate Judge noted, the conduct of the hearing was within the discretion of the ALJ. 20 C.F.R. §§ 404.1765(g)(4), 416.1565(g)(4).

After conducting a review of the findings, conclusions, and recommendation of the Magistrate Judge, and the objections of Plaintiff, and after conducting a *de novo review* of the question of subject matter jurisdiction, this Court agrees with the Magistrate Judge and adopts his recommendation. Accordingly, the Report and Recommendation (Dkt. 4) is **APPROVED** and **ADOPTED** for all purposes, including appellate review. Defendant's Opposed Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon which Relief Can Be Granted (Dkt. 8) is **GRANTED**. Plaintiff's Complaint (Dkt. 1) is **DISMISSED** *with prejudice*. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 28th day of July, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record; *pro se* Plaintiff

---

[1] Plaintiff's July 28, 2014 Supplement (Dkt. 17) is untimely and has therefore not been considered.

2